IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 90:18-cv-60402-CIV-ALTONAGA/Seltzer

ANNETT TITZE and FRANK TITZE,

    Plaintiffs,

-v-

CROSS FOX CONDOMINIUM ASSOCIATION, INC.

    Defendant.

_____/

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION IN LIMINE [D.E. 49]

**I.    Introduction and summary of the argument:**

Plaintiffs' Annett Titze and Frank Titze ("Plaintiffs"), by and through undersigned counsel, submit their responses in opposition to Defendant's Motion in Limine filed October 10, 2018, [D.E.49] (the "Motion"). The Motion seeks to preclude Plaintiffs from presenting certain evidence at trial. As discussed below, Defendant's Motion should be denied in its entirety. First, the motion at best makes vague and unspecific references to the testimony it seeks to limit and exclude. Under Koch v. Koch Indus., Inc. 2. F.Supp.2d 1385, 1388 (D. Kan. 1998), the Court may deny a motion in limine "when it lacks the necessary specificity with respect to the evidence to be excluded". Second, Defendant's motion does not offer proper argument and analysis in support of its requests explaining how the rules of evidence interact with the testimony it seeks to limit or exclude. Defendant's memorandum is inadequate. Also, there is no case law offered in support of its position under the motions made. Moreover, there is no actual or adequate discussion of prejudice

1

to the Defendants. Existing applicable law favors the denial of each of the Defendant's motions as they are unsupported by the facts and law relevant to this case.

**MEMORANDUM OF LAW**

   **(a) Applicable standard:**

The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See United States v. Chan, 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002) (citing Luce v. United States, 469 U.S. 38, 41 n.4 (1984)).

"Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." See Wechsler v. Hunt Health Sys., Ltd., 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003) (quoting Baxter Diagnostics v. Novatek Medical, Inc., 1998 WL 665138, at *3). In considering a motion in limine, courts may reserve judgment until trial, so that the motion is placed in the appropriate factual context. See Nat'l Union Fire Ins. Co. v. Le Meyers Co. Group, 937 F. Supp. 276, at 287 (citing to Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) **finding that a motion in limine to exclude evidence should be granted only "when evidence is clearly inadmissible on all potential grounds . . . [and] [u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial")).**[Emphasis Added]

   **(b) Legal Argument and Analysis:**

**Motion in Limine No. 1**:

Under this Motion, Defendant seeks to exclude any "comments, testimony or evidence that the pulling of Plaintiff Frank and Anett Titze's consumer credit reports on or about August 17, 2017 was "illegal" and/or "conducted without proper authorization." Defendant adds that this information can be found on Plaintiff Annett Titze's responses to Interrogatories. Defendant has not cited any case law to support its position under this Motion in Limine No. 1. Defendant fails to explain in its motion how permitting information or statements will proximately cause and/or result in "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Defendant has also failed to provide specific references or cites to allow a complete assessment of the Defendant's position. Under <u>Koch v. Koch Indus., Inc.</u> 2. F.Supp.2d 1385, 1388 (D. Kan. 1998) the Court may deny a motion in limine "when it lacks the necessary specificity with respect to the evidence to be excluded". "Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." See <u>Wechsler v. Hunt Health Sys., Ltd.</u>, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003) (quoting <u>Baxter Diagnostics v. Novatek Medical, Inc.</u>, 1998 WL 665138, at *3). In considering a motion in limine, courts may reserve judgment until trial, so that the motion is placed in the appropriate factual context. See <u>Nat'l Union Fire Ins. Co. v. Le Meyers Co. Group</u>, 937 F. Supp. 276, at 287 (citing to <u>Hawthorne Partners v. AT&T Tech., Inc.</u>, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) **finding that a motion in limine to exclude evidence should be granted only "when evidence is clearly inadmissible on all potential grounds . . . [and] [u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial")).**[Emphasis Added]

Defendant's arguments under Motion in Limine No. 1 fail to meet the heightened standard and required burden. Defendant's motion is insufficient as made and should be denied. At best,

the Court should reserve judgment until trial so that the motion is placed under an adequate factual context.

**Motion in Limine No. 2:**

Under this Motion, Defendant seeks to exclude any "comments, testimony or evidence that Brown's Background Checks stated that the Association pulled the consumer credit reports of Plaintiff Frank and Annett Titze's on or about August 17, 2017 under false pretenses without providing required authorization, or that the Association "immediately closed their account with Brown's Background Checks".

With respect to this motion, Defendant has also failed to provide specific references or cites to allow a complete assessment of the Defendant's position. In other words, Defendant has failed to cite to the source of these statements (i.e. whether they come from deposition testimony or interrogatories). Defendant has not cited any case law to support its position under this Motion in Limine No. 2. Defendant makes reference to numerous Federal Rules of Evidence but provides no analysis or explanation concerning how each of these rules will interact or impact the comments, testimony and/or evidence at issue under this motion. "Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." See Wechsler v. Hunt Health Sys., Ltd., 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003) (quoting Baxter Diagnostics v. Novatek Medical, Inc., 1998 WL 665138, at *3). In considering a motion in limine, courts may reserve judgment until trial, so that the motion is placed in the appropriate factual context. See Nat'l Union Fire Ins. Co. v. Le Meyers Co. Group, 937 F. Supp. 276, at 287 (citing to Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) **finding that a motion in limine to exclude evidence should be granted only "when evidence is clearly**

**inadmissible on all potential grounds . . . [and] [u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial")).**[Emphasis Added]

Defendant's argument is additionally flawed in that for instance, it is possible that during the course of the trial, Defendant or one of the Defendant's members can admit that the Association immediately closed their account with Brown's Background Checks. This should not constitute inadmissible hearsay. Defendant has the right to raise trial objections during the course of the presentation of the parties' and witness' testimony. It appears that the trial would be the more appropriate time and place where Defendant could raise these objections.

**Motion in Limine No. 3:**

Under this motion the Association seeks to exclude "any comments, testimony or evidence that the Association provided access to the Plaintiffs' consumer credit reports to unauthorized parties and association members." Defendant has also failed to provide specific references or cites of the pertinent or relevant testimony. In doing so it does not allow the Plaintiff to perform an adequate or complete assessment of the Defendant's position and motion. In other words, Defendant has failed to cite to the source of these statements (i.e. whether they come from deposition testimony, written discovery or any other source). Under Koch v. Koch Indus., Inc. 2. F.Supp.2d 1385, 1388 (D. Kan. 1998), the Court may deny a motion in limine "when it lacks the necessary specificity with respect to the evidence to be excluded.

Defendant only makes reference to Federal Rule of Evidence No. 401 but fails to analyze or explain how the rule interacts, impacts or affects the evidence it seeks to exclude under the motion. Additionally, Defendant has not cited any case law to support its position under this Motion in Limine No. 3. In considering a motion in limine, courts may reserve judgment until

trial, so that the motion is placed in the appropriate factual context. See Nat'l Union Fire Ins. Co. v. Le Meyers Co. Group, 937 F. Supp. 276, at 287 (citing to Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) **finding that a motion in limine to exclude evidence should be granted only "when evidence is clearly inadmissible on all potential grounds . . . [and] [u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial")).**[Emphasis Added]

While Defendant can raise appropriate objections at trial, Defendant's arguments are insufficient to permit a granting of a motion in limine. Defendant's third motion in limine must be denied as it is not adequately, sufficiently supported.

**Motion in Limine No. 4:**

Defendant's fourth Motion in limine is devoid of any factual and legal merit. Defendant has also failed to provide specific references or cites of the pertinent or relevant testimony it seeks to limit or exclude. In doing so it does not allow the Plaintiff to perform an adequate or complete assessment of the Defendant's position and motion. In other words, Defendant has failed to cite to the source of these statements (i.e. whether they come from deposition testimony, written discovery or any other source). Under Koch v. Koch Indus., Inc. 2. F.Supp.2d 1385, 1388 (D. Kan. 1998) the Court may deny a motion in limine "when it lacks the necessary specificity with respect to the evidence to be excluded. There is testimony from board member Gene Simmons considering that removing the TITZES out of their unit at the association "would be a wonderful thing". See Simmons Dep. 89: 1-12.

It is possible that the Defendant's representative or any other of the Defendant's listed witnesses could make additional statements at the trial concerning this testimony, which would be

relevant to the mental state (intent, malice, willfulness) when making the impermissible credit pull. Defendant's motives, state of mind and intent is relevant to the claims at issue, particularly punitive damages.  Defendant does not seem to dispute that this is an issue relevant to the claims in this case.  See D.E. 48 Jury Instructions, Page 46-50 of 53.

Moreover, Suzanne Shanahan is a witness listed by Defendant as a trial witness.  It would be also unjust to allow Mrs. Shanahan to provide testimony that favors the Defendant, while excluding and limiting testimony that would corroborate the Plaintiffs' claims.  See Defendant's witnesses under pre-trial stipulation, at D.E. 45, page 10 of 11.

In considering a motion in limine, courts may reserve judgment until trial, so that the motion is placed in the appropriate factual context. See Nat'l Union Fire Ins. Co. v. Le Meyers Co. Group, 937 F. Supp. 276, at 287 (citing to Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) **finding that a motion in limine to exclude evidence should be granted only "when evidence is clearly inadmissible on all potential grounds . . . [and] [u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial")).**[Emphasis Added]

While Defendant can raise appropriate objections at trial, Defendant's arguments are insufficient to permit a granting of a motion in limine.  Defendant's fourth motion in limine must be denied as it is not adequately, sufficiently supported.


**Motion in Limine No. 5:**

Under this fifth Motion in Limine Defendant wants to limit and exclude testimony and evidence that the Association and/or its Treasurer, Gene Simmons, hired or employed Edward De Martino and/or his company "to pull information on the Plaintiffs".  See D.E. 49, page 6 of 13.

Here again, Defendant has also failed to provide specific references or cites of the pertinent or relevant testimony.  In doing so it does not allow the Plaintiff to perform an adequate or complete assessment of the Defendant's position and motion.  In other words, Defendant has failed to cite to the source of these statements (i.e. whether they come from deposition testimony, written discovery or any other source). Under Koch v. Koch Indus., Inc. 2. F.Supp.2d 1385, 1388 (D. Kan. 1998) the Court may deny a motion in limine "when it lacks the necessary specificity with respect to the evidence to be excluded.

Notwithstanding the above, the deposition testimony of the association's representative, Gambardella and board member Simmons agree that a resident at the association and not a Defendant board member, known as "Ed Di Martino" ("Di Martino") improperly obtained the social security numbers information from the Plaintiffs without their consent for the purpose of permitting the unauthorized credit file "hard pull" in question. See D.E. 40, Gambardella Dep. 83: 4-19; and 86: 3-16; see also Simmons Dep. 35: 1-25.

Simmons also admitted that the association did not pay any money to Di Martino, which furthers Plaintiff's argument that this was done without proper authorization and out of malice and ill will towards the Plaintiffs.  See D.E. 40, Simmons Dep. 36: 10-16.  Simmons additionally acknowledged that prior to the hard pull against the Titzes, Defendant was fined $6800 for failing to comply with Fla.Stat. §718.111 by refusing and failing to provide the Titzes with financial information of the Defendant association upon their request.  See Id., Simmons Dep. 47: 16-25. Simmons also testified that Di Martino was upset with the Plaintiffs and that the Plaintiffs were "bad people" Simmons Dep. 54: 1-19.  All of the foregoing is relevant to the mental state and

intent behind the unauthorized pull, but also relevant to punitive damages.  <u>See</u> D.E. 48 and relevant jury instructions.  Defendant's Motion in Limine number 5 should be denied.

**Defendant's Motion in Limine No. 6:**

Defendant fails to provide specific references or cites of the pertinent or relevant testimony under this sixth motion in limine.  In failing to do so it does not allow the Plaintiff to perform an adequate or complete assessment of the Defendant's position and motion.  Defendant has failed to cite to the source of these statements (i.e. whether they come from deposition testimony, written discovery or any other source).  Defendant should at least present additional or supplemental argument on this particular motion in order to permit an adequate response from the Defendant.  Under <u>Koch v. Koch Indus., Inc.</u> 2. F.Supp.2d 1385, 1388 (D. Kan. 1998) the Court may deny a motion in limine "when it lacks the necessary specificity with respect to the evidence to be excluded.

In this sixth motion, Defendant only makes reference to certain Federal Rules of Evidence but fails to analyze or explain with particularity how the rules interact with, impact or affect the evidence it seeks to limit and/or exclude under the motion.  Additionally, Defendant has not cited any case law to support its position under this Motion in Limine No. 6.  Furthermore, Defendant fails to clearly set forth how under FRE 403, the probative value of such evidence is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  In considering a motion in limine, courts may reserve judgment until trial, so that the motion is placed in the appropriate factual context. <u>See Nat'l Union Fire Ins. Co. v. Le Meyers Co. Group</u>, 937 F. Supp. 276, at 287 (citing to <u>Hawthorne Partners v. AT&T Tech., Inc.</u>, 831 F. Supp. 1398,

1400 (N.D. Ill. 1993) **finding that a motion in limine to exclude evidence should be granted only "when evidence is clearly inadmissible on all potential grounds . . . [and] [u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial")).**[Emphasis Added].   Thus, while Defendant can raise appropriate objections at trial, Defendant's arguments are insufficient to permit a granting of a motion in limine.   Defendant's sixth motion in limine must be denied as it is not adequately, sufficiently supported.

**Motion in Limine No. 7:**

If Defendant had discriminatory intent and motive towards the Plaintiff's this is directly relevant to the intent behind the unauthorized pull but also to Plaintiffs' claims for punitive damages.  To establish a FCRA claim of willful or negligent misuse or acquisition of a consumer report, a plaintiff must prove each of the following: (i) that there was a consumer report, (ii) that defendants used or obtained it, (iii) that they did so without a permissible statutory purpose, and (iv) that they acted with the specified culpable mental state. See Phillips v. Grendahl, 312 F.3d 357, 364 (8th Cir.2002), and see Godby v. Wells Fargo Bank, N.A., 599 F.Supp.2d 934, 938 (S.D.Ohio 2008).  See also Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694 (W. Va. 1990); Stevenson v. TRW, Inc., 987 F.2d 288, 293 [5th Cir. 1993]; Pinner v. Schmidt, 805 F.2d 1258, 1263 [5th Cir. 1986]; Fischl v. GMAC, 708 F.2d 143, 151 [5th Cir. 1983]; Jones v. Credit Bureau of Huntington, Inc., 703 F.Supp. 897 [U.S.D.C. Kan. 1988]; Thornton v. Equifax, Inc., 619 F.2d 700 [8th Cir. 1980]; Sheffer v. Experian Info. Solutions, Inc., 2003 U.S. Dist. LEXIS 12728 [U.S.D.C. E.D. Pa. 2003]; Trans Union Corporation v. Crisp., 896 S.W.2d 446 [Ark. App. 1995.]

Additionally, in considering a motion in limine, courts may reserve judgment until trial, so that the motion is placed in the appropriate factual context. See Nat'l Union Fire Ins. Co. v. Le

Meyers Co. Group, 937 F. Supp. 276, at 287 (citing to Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) **finding that a motion in limine to exclude evidence should be granted only "when evidence is clearly inadmissible on all potential grounds . . . [and] [u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial")).**[Emphasis Added]

While Defendant can raise appropriate objections at trial, Defendant's arguments are insufficient to permit a granting of a motion in limine.  Defendant's seventh motion in limine must be denied as it is not adequately, sufficiently supported.

**Defendant's Motion in Limine No. 8:**

Under this motion the Defendant seeks to exclude "any comments, testimony or evidence regarding any DPBR complaints and/or administrative proceedings filed against the Association by Plaintiffs and the results and/or rulings related to same.  Defendant does not provide specific or particular record references and cites of the testimony it seeks to exclude and limit.   In doing so it does not allow the Plaintiff to perform an adequate or complete assessment of the Defendant's position and motion.  In other words, Defendant has failed to cite to the source of these statements (i.e. whether they come from deposition testimony, written discovery or any other source). Under Koch v. Koch Indus., Inc. 2. F.Supp.2d 1385, 1388 (D. Kan. 1998) the Court may deny a motion in limine "when it lacks the necessary specificity with respect to the evidence to be excluded".

Notwithstanding the request under Defendant's eighth motion, the record evidence in this case details that Defendant association was previously fined after the Plaintiffs reported that Defendant refused to timely and adequately provide them with the Defendant's financial information and records, required by Fla.Stat. §718.111."  This was the subject of a DPBR Complaint.  See D.E. 40, Simmons. Dep. 47: 4-24   Additionally, Plaintiffs have a pending discrimination HUD Complaint against the Defendants.  See Id., 14: 1-25.

The deposition testimony of Defendant's representative Gambardella and G. Simmons' show that the Defendant and its board members were upset at the actions of the Plaintiffs and this led to the Defendant's "hard pull" of the Plaintiffs' credit file to investigate them.  Id., Simmons Dep. 19: 12-18.  This is directly relevant to the motive and mental state behind the credit pull.

In considering a motion in limine, courts may reserve judgment until trial, so that the motion is placed in the appropriate factual context. See Nat'l Union Fire Ins. Co. v. Le Meyers Co. Group, 937 F. Supp. 276, at 287 (citing to Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) **finding that a motion in limine to exclude evidence should be granted only "when evidence is clearly inadmissible on all potential grounds . . . [and] [u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial")).**[Emphasis Added]

While Defendant can raise appropriate objections at trial, Defendant's arguments are insufficient to permit a granting of a motion in limine.  Defendant's eighth motion in limine must be denied as it is not adequately, sufficiently supported.  See also grounds raised infra concerning HUD Complaint against Defendant.

**Motion in Limine No. 9:**

Motion in Limine number 9 is duplicative of the ground raised under the eighth motion. Plaintiffs have a pending discrimination HUD Complaint against the Defendant.

Defendant has also failed to provide specific references or cites of the pertinent or relevant testimony it seeks to limit and exclude. In doing so it does not allow the Plaintiff to perform an adequate or complete assessment of the Defendant's position and motion. In other words, Defendant has failed to cite to the source of these statements (i.e. whether they come from deposition testimony, written discovery or any other source). Under <u>Koch v. Koch Indus., Inc.</u> 2. F.Supp.2d 1385, 1388 (D. Kan. 1998) the Court may deny a motion in limine "when it lacks the necessary specificity with respect to the evidence to be excluded".

If Defendant had discriminatory intent and motive towards the Plaintiff's this is directly relevant to the intent behind Defendant's actions when conducting the unauthorized hard pull as well as Plaintiffs' claims for punitive damages. The deposition testimony of Defendant's representative and G. Simmons show that the Defendant and its board members were upset at the actions of the Plaintiffs prior to the Plaintiffs' "hard pull" of their credit. <u>See</u> <u>supra.</u> This is directly relevant to the motive and mental state behind the credit pull. <u>Id.</u>

It is possible that in the context of the trial in this case, Defendant or trial witnesses could provide testimony that reflects Defendant's discriminatory intent towards the Plaintiffs who are German due to cultural differential treatment. It should be noted that Gene Simmons gave the following testimony at deposition that seems to raise indicia of potential bias as a cause of the unauthorized "hard pull":

> 21 Q.  So going back to the part where you wanted to
> 22  discuss how you got to the second screening, I just
> 23  wanted to ask you first: You're saying that you wanted
> 24  to know if they were illegal; if they were criminals;

```
25· if they were sex perverts.
·1·   ·A.· ·Just in general, yeah, I wanted to know who
·2· these people are.
·3·   ·Q.· ·Had the association, up until that time -
·4· strike that, I'll rephrase the question.
·5·      · Up until the time that Cross Fox receive
·6· applications from anybody that was either an illegal -
·7· first of all, what do you mean by "illegal".
·8·      · Is that like an illegal alien, or what -
·9·   ·A.· ·An illegal alien, yes.
10·      · It was very suspicious, their application.
11·   ·Q.· ·Was it because they were German?
12·   ·A.· ·No.
13·   ·Q.· ·So then why?
14·   ·A.· ·Because they put down that they didn't have
15· Social Security numbers.
16·      · They gave a Tax number.· Frandina should have
17· never accepted that.
```
**18·   ·Q.· ·Now let me ask you something else:· ·If**

**19· somebody was an illegal alien, based on your knowledge,**

**20· how would that affect their ability to enter into the**
**21· condominium association as tenants and/or unit owners?**
```
22·      · MR. FIALA:· Object to form.
23· BY MR. UGAZ:
```
**24·   ·Q.· ·You still have to answer.**
**25·   ·A.· ·Because if you have an illegal, they're not**
**·1· legal, and we want to have a community of people that**
**·2· are all legal.**
**·3·      · We want to know who lives with us; it's all**
**·4· our home.**
```
·5·   ·Q.· ·I understand
```

See D.E. 40, Simmons. Dep. 21: 1-25. [Emphasis Added]

In considering a motion in limine, courts may reserve judgment until trial, so that the motion is placed in the appropriate factual context. See Nat'l Union Fire Ins. Co. v. Le Meyers Co. Group, 937 F. Supp. 276, at 287 (citing to Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp.

14

1398, 1400 (N.D. Ill. 1993) **finding that a motion in limine to exclude evidence should be granted only "when evidence is clearly inadmissible on all potential grounds . . . [and] [u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial")).** [Emphasis Added]

While Defendant can raise appropriate objections at trial, Defendant's arguments are insufficient to permit a granting of a motion in limine. Defendant's ninth motion in limine must be denied as it is not adequately, sufficiently supported.

**Motion in Limine No. 10:**

Defendant has failed to provide specific references or cites of the pertinent or relevant testimony it seeks to exclude. Defendant has failed to cite to the source of these statements (i.e. whether they come from deposition testimony, written discovery or any other source). Under <u>Koch v. Koch Indus., Inc.</u> 2. F.Supp.2d 1385, 1388 (D. Kan. 1998) the Court may deny a motion in limine "when it lacks the necessary specificity with respect to the evidence to be excluded.

Without the above sources of testimony being identified by the Defendant, it could be possible that at the trial of this case, such evidence is offered in the form of testimony by a witness or Defendant. In considering a motion in limine, courts may reserve judgment until trial, so that the motion is placed in the appropriate factual context. See <u>Nat'l Union Fire Ins. Co. v. Le Meyers Co. Group</u>, 937 F. Supp. 276, at 287 (citing to <u>Hawthorne Partners v. AT&T Tech., Inc.</u>, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) **finding that a motion in limine to exclude evidence should**

**be granted only "when evidence is clearly inadmissible on all potential grounds . . . [and] [u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial")).**[Emphasis Added]

While Defendant can raise appropriate objections at trial, Defendant's arguments are insufficient to permit a granting of a motion in limine. Defendant's tenth motion in limine must be denied as it is not adequately, sufficiently supported.

**Motion in Limine No. 11:**

Under this final motion in limine, Defendant seeks to exclude any comments, testimony or evidence that the Association acted knowingly, willfully and maliciously in pulling the Plaintiff's credit in August of 2017. Defendant's eleventh motion is not being made in good faith since there is no case law or legal authority being offered by Defendant to support its position.

Moreover, such evidence is central to the Plaintiff's claims, particularly, the mental state at the time when the credit was pulled, but also as it relates to the Plaintiffs' claim for punitive damages. See supra and see D.E. 1. Complaint. Plaintiffs' Response to Defendant's amended statement of material facts in support of second amended motion for summary judgment [D.E. 39] is replete with references showing that the Defendant's board members and other residents did not like the Plaintiffs, did not consider them to be "part of the community", did not like them and considered them to be "terrible people". See D.E. 39, page 11 of 14.

As discussed supra, the mental state as well as Plaintiffs' claims for punitive damages requires the testimony that the Defendant seeks to exclude. Additionally, Defendant fails to provide specific references or cites of the pertinent or relevant testimony it seeks to exclude. Defendant also fails to cite to the source of these statements (i.e. whether they come from

deposition testimony, written discovery or any other source). Under <u>Koch v. Koch Indus., Inc.</u> 2. F.Supp.2d 1385, 1388 (D. Kan. 1998) the Court may deny a motion in limine "when it lacks the necessary specificity with respect to the evidence to be excluded".

Without the above sources of testimony being identified by the Defendant, it could be possible that at the trial of this case, such evidence is offered in the form of testimony by a witness or Defendant.  In considering a motion in limine, courts may reserve judgment until trial, so that the motion is placed in the appropriate factual context. <u>See Nat'l Union Fire Ins. Co. v. Le Meyers Co. Group</u>, 937 F. Supp. 276, at 287 (citing to <u>Hawthorne Partners v. AT&T Tech., Inc.</u>, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) **finding that a motion in limine to exclude evidence should be granted only "when evidence is clearly inadmissible on all potential grounds . . . [and] [u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial")).**[Emphasis Added]

While Defendant can raise appropriate objections at trial, Defendant's arguments are insufficient to permit a granting of a motion in limine.   Defendant's eleventh motion in limine must be denied as it is not adequately, sufficiently supported.

## **CONCLUSION:**

Defendant's Motion in Limine 1-11 should all be denied. They lack an adequate factual and legal basis.

/s/  Luis Ugaz
Florida Bar No. 786721
Laura Hoy, Esq.
Florida Bar No. 59025
Matisyahu H. Abarbanel, Esq.
Florida Bar No. 130435
E-mail: luis@fight13.com
Secondary E-Mail: laura@fight.13.com
Secondary E-mail: tony@fight13.com
Loan Lawyers, LLC
2150 S. Andrews Ave, 2nd Floor
Ft. Lauderdale, FL 33316
Telephone: (954) 523-4357
Facsimile: (954) 581-2786
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on October 23, 2018 with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/  Luis Ugaz
Florida Bar No. 786721
E-mail: luis@fight13.com
Secondary: tony@fight13.com